32 F.3d 562
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: Richard W. BALSAMO, Appellant,
Michael THOMAS, Sergeant; Antoinette Thomas; Frederick A.
Thomas; Phillip Thomas; Bobby House, Sergeant, Plaintiffs,
v.
SUZUKI MOTOR CORPORATION; American Suzuki Motor
Corporation; N.V. Suzuki Belgium, S.A.,
Defendants-Appellees,
and General Accident Fire & Life Assurance Corporation,
P.L.C.; General Accident Corporation of America;
Mark Ryals, Sergeant; General Accident
Fire & Life Assurance,
Limited, Defendants.
 No. 93-2320.
 United States Court of Appeals, Fourth Circuit.
 Argued July 13, 1994.
Decided Aug. 15, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, Senior District Judge. (CA-89-3420-K).
 Argued Richard William Balsamo, Gilman, Pangia & Balsamo, Washington, DC, for appellant.
 Michael Esher Yaggy, Piper & Marbury, Baltimore, MD, for appellees.
 On brief William L. Reynolds, Diane M. Lank, Piper & Marbury, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 In this appeal we review the Orders of the United States District Court for the District of Maryland imposing monetary sanctions in the amount of $20,000 on appellant Richard W. Balsamo, counsel for plaintiffs in the matter of Sgt. Michael Thomas (U.S.A.F.) et al. v. Suzuki Motor Co., Ltd., et al., C.A. K-89-3420. The sanctions were imposed, pursuant to Fed.R.Civ.P. 11, 28 U.S.C.Sec. 1927, and the court's inherent powers, as a result of Mr. Balsamo's sanctionable misconduct. Finding no abuse of discretion by the district court, we affirm.
 
 
 2
 After reviewing the record in this case, we are of the opinion that the district court exercised great restraint in its imposition of sanctions by limiting the basis for sanctions to only the most egregious instances of misconduct on the part of Mr. Balsamo. Contrary to Mr.Balsamo's assertions, the district court carefully detailed its findings of fact and law supporting the sanctions in its May 28, 1993 Memorandum and Order, its June 22, 1993 Memorandum and Order, and its June 22, 1993 Second Memorandum and Order. Accordingly, we affirm the decision of the district court on the basis of its final Memorandum and Order, dated October 1, 1993, imposing sanctions upon Mr. Balsamo in the amount of $20,000, to be paid by him to the defendants. Sgt. Michael Thomas, et al. v. Suzuki Motor Co., Ltd., et al., No. K-89-3420 (D. Md. October 1, 1993).
 
 
 3
 AFFIRMED.